UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

KEVIN E. JOHNSON

        Plaintiff,

v.

ASCENSION HEALTH, INC.

   and

ASCENSION SE WISCONSIN, INC.

   and

MEDXCEL FACILITIES MANAGEMENT, LLC.

   and

ASCENSION ALL SAINTS HOSPITAL, INC.

        Defendants.

## VERIFIED COMPLAINT

Plaintiff, Kevin Johnson, by and through his undersigned counsel, brings this Complaint against the Defendants; Ascension Health Inc., Ascension SE Wisconsin, Inc., Medxcel Facilities Management, LLC., and Ascension All Saints Hospital, Inc.[1] In support of this Complaint, Plaintiff alleges as follows:

---

[1] This claim is related to the following cases: *Reilly v Ascension All Saints et al*, 2:22-cv-01168-BHL; *Schultz et al v Ascension Wisconsin et al*, 2:22-cv-01562-BHL et al; *Bayer v Ascension Health, Inc. et al*, 1:23-cv-00007-BHL; and *Zajicek et al v Ascension Health, Inc. et al*, 2:23-cv-00013-BHL.

1

## INTRODUCTION

1. This action is based on violations of Title VII of the Civil Rights Act of 1964 (Pub. L. 88-352), codified at 42 U.S.C. § 2000e et seq. The gravamen of this Complaint is that Defendants refused to accommodate, and otherwise discriminated against Plaintiff because he requested religious accommodation from Defendants' policy of mandatory COVID-19 vaccination. Defendants knew or should have reasonably known that Mr. Johnson holds religious beliefs prohibiting COVID-19 vaccination because he asserted them. Defendants nevertheless failed to provide an interactive process to ascertain his beliefs and entertain possible accommodations. Instead, Defendants placed Plaintiff on unpaid suspension with threat of pending termination. Approximately five weeks after Mr. Johnson's termination, Defendants began reinstating suspended unvaccinated employees whose religious exemptions had been denied, without requiring any unique infection mitigation protocol beyond those imposed on vaccinated employees, demonstrating a religious exemption for Plaintiff did not pose an undue hardship and the unpaid suspension was unwarranted and unlawful.

## JURISDICTION AND VENUE

2. This Court has authority over this action pursuant to 28 U.S.C. § 1331, in federal questions raised under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*. This Court has supplemental authority over Plaintiff's related claims arising from corollary state anti-discrimination law pursuant to 28 U.S.C. § 1367(a), and the common law tort of Wrongful Termination in Violation of Public Policy. Venue is proper in the Eastern District of Wisconsin under 42 U.S.C. § 2000e-5(f)(3), in that the Defendants maintain significant operations within the Eastern District. This case is appropriate for the assignment in the Milwaukee Division as the principal office of the Defendant Ascension SE Wisconsin, Inc. is in Milwaukee County. This

case is further appropriate for assignment to the Milwaukee Division in that the Plaintiff resided in Racine County at all times relevant herein. Furthermore, a substantial part of the events or omissions giving rise to the claims in this lawsuit occurred in this district.

## PARTIES

3. Plaintiff Kevin E. Johnson, is a devout, practicing Christian. Mr. Johnson made a career in maintenance and mechanicals for over 20 years. Defendants employed Mr. Johnson in the year 2018. Mr. Johnson has served Defendants in an exemplary manner for over four years. At all relevant times, Mr. Johnson resided in Racine County.

4. Upon Information and belief, Defendant Ascension Health, Inc. ("Ascension") is the nation's second largest national health system that operates more than 2,600 sites of care in 19 states and the District of Columbia, while providing a variety of services including clinical and network services, venture capital investing, investment management, biomedical engineering, facilities management, risk management, and contracting through Ascension's own group purchasing organization. The principal office for Ascension Health, Inc. is 4600 Edmundson Road, St. Louis, Missouri 63134. Ascension serves as the national headquarters for Defendants Ascension SE Wisconsin, Inc. Ascension is an "employer" within the meaning of 42 U.S.C. § 2000e.

5. Upon information and belief, Defendant Ascension SE Wisconsin, Inc. is a healthcare provider established in Milwaukee County with a principal place of business at 400 West Riverwoods Parkway, Glendale, Wisconsin, 53212. Ascension SE Wisconsin, Inc. operates with all other Defendants. Ascension SE Wisconsin, Inc. is an "employer" within the meaning of 42 U.S.C. § 2000e.

6. Upon information and belief Defendant Medxcel Facilities Management, LLC ("Medxcel") is a facilities management company specializing in service to healthcare organizations. Medxcel's principal office is located 7702 Woodland Drive, Indianapolis, Indiana. Medxcel operates with all other Defendants. Medxcel is an "employer" within the meaning of 42 U.S.C. § 2000e.

7. Upon information and belief, Defendant Ascension All Saints Hospital, Inc. is a 356-bed community hospital located in Racine, Wisconsin. Ascension All Saints Hospital, Inc. operates with all other Defendants. Ascension All Saints Hospital, Inc. is an "employer" within the meaning of 42 U.S.C. § 2000e.

## FACTUAL BACKGROUND

8. Mr. Johnson has served with exemplary performance as Maintenance Mechanic 1 for Defendants since 2018.

9. Mr. Johnson requested and received religious accommodation from Defendants' mandatory influenza vaccination policy during the years 2018, 2019, and 2020.

10. Mr. Johnson safely served throughout the pandemic, utilizing the personal protective equipment and infection mitigation protocol provided by the Defendants.

11. Mr. Johnson is a Christian who devoutly practices his faith.

12. As a Christian, Mr. Johnson holds strong religious beliefs on sanctity of life, bodily integrity, and sanctity of conscience, grounded in Christian moral teaching.

13. Mr. Johnson's sincerely held religious beliefs of sanctity of life, bodily integrity, and sanctity of conscience prohibit him from receiving COVID-19 vaccination.

14. On or about August 4, 2021, Defendants announced a mandatory COVID-19 vaccination policy ("policy"). As part of the policy, Defendants purported to provide employees

4

with the opportunity to seek religious or medical exemptions, with the compliance deadline of November 12, 2021.

15. On August 19, 2021, Joseph R. Impecche, President and Chief Executive Officer of Ascension, sent an email to all Ascension employees, Catholic or not, entitled "Pope Francis: COVID-19 vaccination an 'act of love' and 'moral obligation'. Mr. Impicciche's email asserted Catholic's have a moral obligation to be injected with COVID-19 vaccines.

16. In order to submit a request for a religious exemption for the mandatory COVID-19 vaccination policy, Defendants required employees to use an online request form, with drop down answers. The deadline for submitting an online religious exemption form was October 1, 2021.

17. Before completing the form, employees were required to watch a video entitled "COVID-19 Myths and Facts".

18. In order to submit the online form, employees were required to answer about their religious affiliation, their religious beliefs contrary to vaccination, and how the vaccine violated their moral conscience. Employees were also required to check "I agree" to a statement which claimed assent to "voluntary resignation" for noncompliance of becoming "fully vaccinated" by November 12, 2021, in accordance with the COVID-19 mandatory vaccination policy.

19. On or about September 11, 2021, Mr. Johnson timely filed a completed Defendants' online form for a religious accommodation for the COVID-19 vaccination, detailing his sincerely held religious beliefs of integrity of life, bodily integrity and sanctity of conscience grounded in his Christian faith.

20. On September 11, 2021, an automated email reply by Ascension's Service Desk ("Service Desk") acknowledged the submission of Mr. Johnson's requests for religious

accommodation for COVID-19 and Influenza. It is uncertain where the Service Desk is located in the national Ascension network and who serves on the Exemption Review Committee ("Committee").

21. On September 12, 2021, Mr. Johnson sent an email to Jen Whepley, Medxcel Human Resource Director, stating his concern with Defendant's COVID-19 exemption request online form that required him to assent to "voluntary resignation" if his request for religious exemption was denied. In the email, Mr. Johnson reiterated his sincerely held religious beliefs that prohibit him from receiving COVID-19 vaccination.

22. On October 4, 2021, an automated email from the Service Desk denied Mr. Johnson's request for religious accommodation from influenza vaccination.

23. On October 10, 2021, automated emails from the Service Desk denying Mr. Johnson's requests for religious accommodations from COVID-19 and influenza vaccination. Later in the day, Mr. Johnson received automated emails, stating an ability to appeal the denial within seven (7) days.

24. On October 13, 2021, Mr. Johnson appealed the denials of exemptions for COVID-19 and influenza vaccination in emails to AscensionProd at Service-Now, and Brian Weyker.. Mr. Johnson reiterated his sincerely held religious beliefs that prohibit COVID-19 and influenza vaccination.

25. Mr. Johnson was not provided a contact person to interact with regarding the denial of his request for a religious accommodation.

26. On October 15, 2021, at 2:10 PM, Mr. Johnson received an automated email from Defendants' Service Desk denying his request for religious accommodation from influenza

6

Case 2:23-cv-00051-BHL   Filed 01/12/23   Page 6 of 13   Document 1

vaccination. Five minutes later, Mr. Johnson received an identical email, denying his request for religious accommodation from COVID-19 vaccination.

27. On October 17, 2021, Mr. Johnson once again appealed the denials of his requests for religious accommodations, sending an emails to the Service Desk, one for COVID-19 vaccination at 2:45 PM and another for influenza vaccination at 2:51 PM.

28. On November 4, 2021, Mr. Johnson received automated emails from the Service Desk, denying his request for COVID-19 vaccination. Mr. Johnson was given eight days to comply with the Policy.

29. Defendants never answered Mr. Johnson's appeal for the denial of religious accommodation to influenza vaccination.

30. The same day, Mr. Johnson filed a discrimination complaint with the Equal Rights Division (ERD) of the Wisconsin Department of Workforce Development (DWD).

31. On November 13, 2021, Defendants placed Mr. Johnson on unpaid suspension, with the threat of termination, for failing to comply with the mandatory COVID-19 vaccination policy.

32. As a result of the unpaid suspension, Mr. Johnson suffered damages, including but not limited to financial loss.

33. On November 23, 2021, Mr. Johnson amended his ERD discrimination claim.

34. Approximately five weeks after the unpaid suspension was enforced, Defendants requested suspended unvaccinated staff to return to work without requiring any protocol beyond that of vaccinated staff, demonstrating the unpaid suspension, with threat of termination, was unwarranted.

35. Defendants sent approval of Mr. Johnson's request for religious exemption from COVID-19 vaccination on December 17, 2021. He returned to approximately four days later.

36. In order to return to work without influenza vaccination, Mr. Johnson was required to show prior approvals of religious accommodation.

37. The U.S. Equal Employment Opportunity Commission (EEOC) issued a Right to Sue Notice for Mr. Johnson's claim on October 13, 2022. **Exhibit 1**, *Right to Sue Letter*. Mr. Johnson received the letter three days later.

38. Within a year of exemption approvals, Defendants denied Mr. Johnson religious accommodation for influenza, without explanation.

39. In January 2023, Defendants marred Mr. Johnson's employment record with further disciplinary action for noncompliance with Defendants' mandatory influenza vaccination policy.

### FIRST CAUSE OF ACTION

**Violation of Title VII of the Civil Rights Act of 1964 [42 U.S.C. § 2000e et seq.]**
**Failure to Provide Religious Accommodation Against Defendants**

40. Plaintiff hereby realleges and incorporates by reference the preceding paragraphs as though fully set forth herein.

41. Pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2(a)(1), it is an unlawful employment practice for an employer: (1) to fail or refuse to hire or to discharge any individual, or otherwise discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin; or (2) to limit, segregate, or classify his employees or applicants for employment in any way which would deprive or tend to deprive any individual of employment

opportunities or otherwise adversely affect his status as an employee, because of such individual's race, color, religion, sex, or national origin.

42. Mr. Johnson was always relevant herein an employee and applicant covered by 42 U.S.C. §2000e, et seq., prohibiting discrimination in employment based on religion. Defendants were always herein employers for purposes of 42 U.S.C. § 200e, et seq.

43. Mr. Johnson holds deep sincere religious objections to receiving the COVID-19 vaccine.

44. Although Mr. Johnson informed Defendants of his faith and practices, Defendants disregarded Mr. Johnson's sincere religious beliefs which conflicted with receiving the COVID-19 vaccine.

45. Defendants refused to converse or interact with Mr. Johnson regarding his faith to further understand his beliefs and religious practices.

46. Mr. Johnson's religious accommodation request was denied without Defendants exploring any alternatives that might have been available to accommodate his religious beliefs.

47. Mr. Johnson's religious beliefs and practices were therefore a motivating factor in placing him on unpaid suspension, with threat of termination.

48. Mr. Johnson suffered significant damages because of Defendants' unlawful discriminatory actions, including emotional distress, lost wages and benefits, and the costs of bringing this action.

49. Defendants intentionally violated Mr. Johnson's rights under Title VII.

50. Mr. Johnson is entitled to lost wages, compensatory damages, punitive damages, attorney fees, costs of suit, a declaration that Defendants violated his rights under Title VII, and an injunction preventing Defendants from enforcing their discriminatory policies.

51. Mr. Johnson is entitled to further relief as set forth below in his Prayer for Relief.

## SECOND CAUSE OF ACTION

**Violation of Title VII of the Civil Rights Act of 1964 [42 U.S.C. § 2000e et seq.]
Adverse Employment Action based on Religion Against Defendants**

52. Mr. Johnson hereby realleges and incorporates by reference the preceding paragraphs as though fully set forth herein.

53. Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., makes it unlawful employment practice to fail or refuse to accommodate the religious beliefs and practices of an employee or prospective employee.

54. Mr. Johnson suffered significant damages because of Defendants' unlawful discriminatory actions, including emotional distress, lost wages and benefits, and the costs of bringing this action.

55. Mr. Johnson is entitled to lost wages, compensatory damages, punitive damages, attorneys' fees, costs of suit, a declaration that Defendants violated his rights under Title VII, and an injunction preventing Defendants from further enforcing their discriminatory practices.

56. Mr. Johnson is entitled to further relief as set forth in his Prayer for Relief.

## THIRD CAUSE OF ACTION

**Wrongful Suspension in Violation of Public Policy
Common Law Tort Against Defendants**

57. Mr. Johnson hereby realleges and incorporates by reference the preceding paragraphs as though fully set forth herein.

58. Mr. Johnson was always relevant herein an individual and employee for purposes of 42 U.S.C. § 2000e, et seq., prohibiting discrimination in employment.

59. Defendants were always relevant herein employers for purposes of 42 U.S.C. § 2000e, et seq.

60. As a Christian, Mr. Johnson was always relevant herein a member of a protected class for purposes of 42 U.S.C. § 2000e, et seq.

61. Defendants were aware of Mr. Johnson's sincere religious beliefs and practices.

62. Mr. Johnson felt bullied into getting the vaccine, causing anxiety and stress due to Defendants forcing him to choose between his deeply held religious beliefs, his financial livelihood.

63. Mr. Johnson was placed on unpaid suspension for requesting a religious accommodation in compliance with both Title VII of the Civil Rights Act of 1964.

64. Defendants refused to explore available reasonable alternatives to allow Mr. Johnson to do his job. Defendants refused to engage in any timely, interactive, meaningful, or good faith process with Mr. Johnson to accommodate his sincerely held religious beliefs.

65. Defendants' refusal to accommodate, or even explore any kind of accommodation of Mr. Johnson's religious beliefs, was a substantial motivating factor in Defendants' decision to deprive Plaintiff of employment.

66. Defendants intentionally violated Mr. Johnson's rights under the Title VII.

67. Mr. Johnson's religious beliefs and practices were therefore a motivating factor in placing him on unpaid suspension, with threat of termination.

68. At the time of Mr. Johnson's termination, the COVID-19 vaccinations were demonstrating ineffectiveness against the Delta and Omicron variants.

69. There were no valid reasons whatsoever for terminating Mr. Johnson, other than Mr. Johnson's requests for religious accommodation.

70. Mr. Johnson suffered significant damages because of Defendants' unlawful discriminatory actions, including emotional distress, lost wages and benefits, and the costs of bringing this action.

71. Defendants intentionally violated Mr. Johnson's rights under Title VII.

72. Mr. Johnson is entitled to lost wages, compensatory damages, punitive damages, attorney fees, costs of suit, a declaration that Defendants violated his rights under Title VII, and an injunction preventing Defendants from further enforcing their discriminatory practices.

73. Mr. Johnson is entitled to further relief as set forth in his Prayer for Relief.

## **PRAYER FOR RELIEF**

WHEREFORE, Mr. Johnson respectfully prays this Court grants relief as follows:

A. Award Plaintiff backpay, including past loss wages and benefits, plus interest;

B. Award Plaintiff other and further compensatory damages in an amount according to proof;

C. Award Plaintiff noneconomic damages, including but not limited to mental health suffrage;

D. Award Plaintiff reasonable attorneys' fees and costs of suit.

E. Award Plaintiff punitive damages;

F. Enjoin Defendants from enforcing their discriminatory policies;

G. Declare that Defendants have violated Title VII of the Civil Rights Act and the WFEA; and

H. Grant Plaintiff such additional or alternative relief as the Court deems just and proper.

Dated: January 12, 2023

/s/ Carol Lee Ferrero
Carol Lee Ferrero
Pacific Justice Institute
9714 North Valley Hill Drive
Mequon, Wisconsin 53092
Phone: 262-227-7203
cferrero@pji.org

*Attorney for Plaintiff*